**LIBERTY MUTUAL INSURANCE COMPANY, Plaintiff,**

v.

**CONTINENTAL CASUALTY COMPANY, Defendant.**

**Civ. A. No. 83–1040–C.**

United States District Court, D. Massachusetts.

Sept. 18, 1984.

Thomas D. Burns, Burns & Levinson, Boston, Mass., for defendants.

James D. Casey, Steven A. Rusconi, Boston, Mass., for plaintiffs.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action for breach of contract brought by Liberty Mutual Insurance Company ("Liberty") against Continental Casualty Company ("CNA"). The facts which were established at a jury trial may be briefly stated as follows: CNA issued various policies of insurance to H.H. Robertson, Inc. ("Robertson"), a glazier. Robertson was engaged to install the glass outer wall of the John Hancock Tower in Boston and subsequently became one of several defendants sued because of the well-publicized fact that glass fell out of the Tower onto the streets below.

When Robertson was advised of the claims against it, Robertson requested that CNA provide its defense in the ensuing litigation. CNA elected not to defend Robertson under a reservation of rights but rather to file a state court declaratory judgment action for a ruling as to whether or not it was obligated to defend the claims against Robertson. The Supreme Judicial Court of Massachusetts eventually rendered a decision adverse to CNA. Liberty, who had issued an excess coverage policy to Robertson and who, in the interim, had been paying the cost of the Robertson defense under a reservation of rights, then sued Robertson in an attempt to recover $1,700,000.00 which Liberty represented to the jury it had disbursed because of CNA's refusal to defend. After a six-day trial in this Court, the jury returned a verdict for Liberty against CNA in the amount of $1,290,000.00.

The parties are as divided on the question of the amount of interest due on this judgment as they were on the original question of liability. After a hearing and the filing of legal memoranda by the parties, this Court finds and rules that, despite the literal wording of the Massachusetts statute to the effect that in breach of contract litigation interest is due to the pre-

**660**

vailing party from the date of breach, Liberty is, in fact, entitled to interest not from the day of the technical breach, when CNA announced that it would not defend Robertson, but rather from the various dates on which Liberty spent its money in making payments to the law firm which defended Robertson.

■ This Court is of opinion that the function of interest is to award a successful party compensation for its inability to use its own funds as it wishes, because the wrongful conduct of the losing party forced it to use those funds for some other purpose. In this case, because of CNA's wrongful refusal to defend Robertson, Liberty was required to disburse its own money to pay the legal fees for Robertson's defense, and thus Liberty lost the opportunity to invest those funds in some profitable manner. I rule that interest is intended to make Liberty whole for that loss of use of its own funds; interest is not intended to give Liberty, or any one else, a windfall back to the date of the technical breach of contract, that date being some years before Liberty spent any of its own money. I rule that Liberty did not have a fully actionable claim until there was both a breach by CNA and the sustaining of some ascertainable financial injury (i.e., a disbursement of funds) to Liberty. It is obvious that no judgment against CNA could be entered until its breach of contract caused damages. It is for this reason that the Court ordered the parties, through their accounting departments, to make a joint calculation of interest at the legal rate of 12% from the dates of various payments to Liberty until today.

The parties filed a stipulation reserving their rights to challenge this Court's views on interest, but nevertheless, they jointly advised the Court that interest, calculated according to the methodology directed by the Court, amounts to $610,080.92, which I rule is the proper amount to be added to the jury verdict of $1,290,000.00.

Order accordingly.